IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 21, 2020 Session

**RONALD LEDFORD, ET AL. v. JOHN BEN SNEED, ET AL.**

**Appeal from the Circuit Court for McMinn County**
**No. 2016-CV-32     J. Michael Sharp, Judge**

_____

**No. E2018-00904-COA-R3-CV**
_____

This appeal concerns the trial court's grant of a directed verdict in favor of the plaintiffs concerning their claim for surreptitious recording of their conversations, namely wiretapping. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

Matthew C. Rogers, Athens, Tennessee, for the appellants, John Ben Sneed and Ray Wilson, Jr.

James E. Logan, Jr., Cleveland, Tennessee, for the appellees, Ronald Ledford, Stephanie Ledford, Kyle Motes, Ricky M. Motes, and Betty Jo Motes.

**OPINION**

## I.     BACKGROUND

Ronald Ledford, Stephanie Ledford, Kyle Motes, Ricky Motes, and Betty Motes (collectively "Plaintiffs") were members of the Hillsview Fire Department ("HFD"). Mr. Ledford also served as the captain and training officer at the time in question. In January 2016, Plaintiffs filed suit against John Ben Sneed and Ray Wilson, Jr. (collectively "Defendants"), also members and officers of the HFD, based upon Defendants' taping of their conversations without their knowledge in violation of Tennessee Code Annotated

section 39-13-601, et seq.[1]  Plaintiffs alleged that Mr. Ledford was fired in violation of the HFD's bylaws based upon information gathered from the recordings.

Defendants denied wrongdoing, and Plaintiffs moved for summary judgment. Defendants submitted affidavits asserting that Plaintiffs were put on notice that their conversation could be recorded while in the fire hall.  Plaintiffs moved to prohibit any consideration of the defense of consent because Defendants failed to plead consent in their answer.  The court reserved ruling on the issue of consent and denied the motion for summary judgment.  The case proceeded to a jury trial.

At the outset of the trial, the jury was presented with conclusive admitted facts establishing, inter alia, that tape recorders were hidden in the fire hall of the HFD, that Defendants each purchased one recorder, that Plaintiffs were unaware of the recorders, and that certain conversations were recorded.  Plaintiffs then confirmed through their testimony that they were unaware that their conversations were being recorded and that they had not provided their consent for the recording.

Mr. Ledford testified that the fire hall was kept locked and that entry was gained via an access code or key.  He stated that those who visited knocked to request entry. Testimony was presented establishing that Plaintiffs knew that the HFD's security system was capable of audio and video recording.  The minutes from a July 2014 meeting confirmed that all members had been informed that the security system was "up and running" and recorded both audio and video.  However, Plaintiffs testified that they were advised that the audio capabilities of the system were never actually activated.  Mr. Sneed, the former Fire Chief of the HFD, confirmed that the audio capabilities were never activated.

Despite this, Daryl Leamon, also a member of the fire hall, testified that Mr. Sneed and Mr. Wilson advised the members of the HFD to refrain from gossip because someone could be listening.  Mr. Sneed likewise confirmed that he advised the members that they *would* be listening in an attempt to impede the gossip that had been occurring in the fire hall.  He stated that he affixed a sticker to the main door advising entrants that video surveillance was in use on the property and that another sticker also advised entrants that the premises was protected and monitored by a security system.  He then authorized Mr. Wilson, a Senior Lieutenant, to place one of the recorders purchased under the table in the HFD.  He noted that the tape recorder purchased by him was never used and that the recorder was placed without his participation.

---

[1] Providing that a person who "[i]ntentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" commits an offense of wiretapping and electronic surveillance.

Mr. Sneed testified that the fire hall was used for various social gatherings in the community. He confirmed that a member of the fire hall was always present for events and that those in the community generally remitted payment for their use of the facility on a donation basis.

Following the trial, the court granted Plaintiffs' motion for a directed verdict at the close of the case, holding that Defendants violated Section 39-13-601 when they intentionally intercepted private oral communications without consent and used the contents thereof. In so holding, the court found the minutes from the July 2014 meeting unreliable. The court awarded each plaintiff $10,000, in addition to costs and attorney fees. The court sustained Plaintiff's motion to bar the defense of consent but also found the issue inconsequential given its grant of a directed verdict.

Defendants filed a motion for new trial with an attached affidavit from a juror ("Juror"). The court declined to consider the affidavit, finding that such testimony was inadmissible pursuant to Rule 606(b) of the Tennessee Rules of Evidence.[2] This appeal followed the court's denial of the motion for new trial.

## II.    ISSUE

We consolidate and restate the issues on appeal as follows: Whether the trial court erred in granting a directed verdict in favor of Plaintiffs on the claimed violation of Tennessee Code Annotated section 39-13-601.

## III.    STANDARD OF REVIEW

The Tennessee Rules of Civil Procedure provide for directed verdicts as follows:

> A motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not

---

[2] "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotions as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, []; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes."

been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

Tenn. R. Civ. P. 50.01.

In considering a motion for a directed verdict, the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 390 (Tenn. 2006) (quoting *Crain v. Benton*, 823 S.W.2d 187, 195 (Tenn. Ct. App. 1991)); *Johnson v. Tennessee Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn. 2006). A motion for a directed verdict should not be granted "if the party with the burden of proof has presented sufficient evidence to create an issue of fact for the jury to decide." *Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002) (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 231 (Tenn. Ct. App. 1999)). A party has created a jury issue when there is doubt about the conclusions drawn from the evidence. *Id.* The grant or denial of a motion for directed verdict is a question of law; therefore, the court's decision is subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.    ANALYSIS

Tennessee law provides that it is lawful for a person to intercept an oral communication if (1) the person intercepting the communication is a party to the communication or (2) one of the parties to the communication has given prior consent to the interception. Tenn. Code Ann. § 39-13-601(b)(5). Otherwise, a person commits an offense who "[i]ntentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication[.]" Tenn. Code Ann. § 39-13-601(a)(1)(A). The legislature defines an oral communication as "any oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation[.]" Tenn. Code Ann. § 40-6-303(14). The legislature defines intercept as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device[.]" Tenn. Code Ann. § 40-6-303(11).

Here, the evidence presented was uncontroverted that neither defendant was a party to the communication. Defendants argued at trial and now on appeal that Plaintiffs consented to the recording of their communications. We, like the trial court, believe that the record overwhelmingly established that Plaintiffs did not consent to the interception

- 4 -

of their communications. The record reflects that Plaintiffs believed that the audio portion of the security system had not been activated and that Defendants confirmed that the audio had not been activated, despite a contrary assertion contained in the July 2014 minutes to a fire hall meeting. Defendants' vague assertions that they would be listening were also not enough to garner consent from Plaintiffs to record their conversations via a tape recorder taped under the table.

Defendants next claim that the court's refusal to consider Juror's affidavit was error when the affidavit established that there was doubt about the conclusions that could be drawn from the evidence. The Tennessee Rules of Evidence prohibit a juror from testifying concerning the "the effect of anything upon any juror's mind or emotions as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes[.]" Tenn. R. Evid. R. 606(b). Exclusion of the affidavit was proper.

Lastly, Defendants alternatively claim that Plaintiffs had no reasonable expectation of privacy in the fire hall that was open to the community. While recovery for interception of an oral communication is limited to those "who possess an expectation that the communication is not subject to interception," the legislature did not exclude liability for those who intercept a communication in an area open to the public. Tenn. Code Ann. § 40-6-303(14). While community events were routinely held at the fire hall, the record reflects that the fire hall remained locked and only permitted access via keypad or physical key in the absence of such events. Plaintiffs' communications were not recorded during any such event. In consideration of the foregoing, we affirm the court's entry of a directed verdict in favor of Plaintiffs.

## V.     CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, John Ben Sneed and Ray Wilson, Jr.

_____
JOHN W. MCCLARTY, JUDGE